UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00481-MOC-DSC

| | | |
|---|---|---|
| **MARTIN MCGHEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **AETNA LIFE INSURANCE COMPANY** | ) | |
| **BANK OF AMERICA SHORT TERM** | ) | |
| **DISABILITY PLAN,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion for Summary Judgment (#24) and plaintiff's cross-Motion for Summary Judgment (#26). The court has closely reviewed all the arguments and will set the motions for oral arguments. In preparing for that hearing, the parties are advised that the court is primarily concerned with defendants' arguments that plaintiff has waived his claims against them based on severance package which was tendered to plaintiff by former defendant Bank of America after this action was filed. Of particular interest and concern is the timing of plaintiff's acceptance of the terms of that agreement: this action was filed August 23, 2013; plaintiff unilaterally amended his complaint September 20, 2013, eliminating BAC as a defendant; and plaintiff executed the agreement October 1, 2013.[1] Such timing raises concerns for the court as to whether plaintiff was assisted by counsel in reviewing the agreement inasmuch as BAC was dropped as a defendant in this action at a time when

---

[1] Defendants' statement at page 8 of its Memorandum in Support of Summary Judgment as to timing appears to be inconsistent with the pleadings in this case. Defendants state that "it appears that Plaintiff was provided with a copy of the Agreement at least two days after filing his initial Complaint in this action and executed it within five days of receipt, although Plaintiff had an additional 26 days to execute the Agreement." Mem. (#25) at 8. When the agreement is compared to the date the Complaint was filed, August 23, 2013, and when the agreement was executed by plaintiff, October 1, 2013, the times do not add up.

1

plaintiff was allegedly considering the severance agreement. Finally, plaintiff should be prepared to argue any cases he may have that provide such waivers are inapplicable where the severance agreement waiver contains, as it does here, a waiver as to any plan and plan trustees and specifies claims under ERISA:

> I fully waive, release and forever discharge Bank of America and all of its officers, directors, employees, assigns, agents, plans and plan trustees . . . . [T]his General Release includes, but is not limited to, claims arising out of or in any way related to my employment and/or separation from employment, such as, by way of example only, claims under . . . the Employee Retirement Income Security Act of 1974 ....

Agreement, § 3.a (Def. Ex. "C," Mem. #25-3). Finally, the court is concerned *for* plaintiff inasmuch as the agreement provides, among other things, that BAC can recover from plaintiff compensation already paid *if* such agreement is breached. Id. at 14.b.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendants' Motion for Summary Judgment (#24) and plaintiff's cross-Motion for Summary Judgment (#26) be calendared and noticed for hearing by the Clerk of Court.

Signed: July 25, 2014

Max O. Cogburn Jr.
United States District Judge