UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00481-MOC-DSC

| | |  |
|---|---|---|
| **MARTIN MCGHEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **AETNA LIFE INSURANCE COMPANY and** | ) | |
| **BANK OF AMERICA SHORT TERM** | ) | |
| **DISABILITY PLAN,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on Plaintiff's Motion to Reconsider (#34). Plaintiff asks the court to reconsider its Order granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment (#32). Having considered the motion and reviewed the pleadings, the court will deny Plaintiff's motion for the following reasons.

As an initial matter, Plaintiff's motion is untimely. Federal Rule of Civil Procedure 59(e) requires that motions to amend or alter a judgment be filed no later than 28 days after the entry of such judgment. Id. The court issued its order on October 29, 2014. Plaintiff filed his motion to reconsider on December 1, 2014, which is beyond the allowed 28-day period. Moreover, the court does not have authority to extend the time for filing a motion under Rule 59(e). See Fed. R. Civ. Pro. 6(b)(2) ("A court must not extend the time to act under Rule…59(e)…"). As such, the court cannot accept Plaintiff's motion.

Additionally, Plaintiff has not raised any issues in his motion that merit reconsideration. While Rule 59(e) itself provides no standard for when a district court may grant such a motion, the Fourth Circuit has identified three grounds for amending an earlier judgment: "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Generally, reconsideration is an "extraordinary remedy" that should be used sparingly. See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, a "Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided…and is not intended to give an unhappy litigant one additional chance to sway the judge." Johnson v. BAC Home Loans Servicing, LP, No. 5:10-CV-271-F, 2012 WL 148688, at *1 (E.D.N.C. Jan. 18, 2012) (internal citations and quotations omitted). Plaintiff's motion to reconsider does not point to any change in controlling law, new evidence, clear error of law, or manifest injustice. Plaintiff merely reiterates his earlier arguments already made before the court, which the court will not revisit.

Finally, in addressing Plaintiff's concern that the court did not consider the case of Evans v. Metropolitan Life Insurance Co., 358 F.3d 307 (4th Cir. 2004), the court notes that though it did not explicitly reference the case in its earlier order, the court did, in fact, consider the case. The court simply found it factually distinct from Plaintiff's situation and as such, did not find it to be persuasive authority. Though the court appreciates Plaintiff's attempts to raise what he believed to be an oversight in the court's understanding of the issues before it, the court declines to change its decision based on the above case.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider (#34) is **DENIED**.

Signed: February 6, 2015

_____
Max O. Cogburn Jr.
United States District Judge